# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
records and information associated with certain cellular towers ("cell towers") and ) Case No. 23-945M(NJ)
records generated by the cellular network that are in the possession, custody, and/or )
control of T-Mobile/US Cellular, a cellular service provider headquartered at 4 Sylvan )
Way, Parsippany, New Jersey, and US Cellular, a cellular service provider headquartered )
at 8410 W. Bryn Mawr Ave, Chicago, IL.

**WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the ___Eastern___ District of ___Wisconsin___
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before 7/20/2023 *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☒xx at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___Honorable Nancy Joseph___.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ___ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of ___.

Date and time issued: 7/6/2023 @ 11:35 a.m.                          *Judge's signature* /s/ Nancy Joseph

City and state:  Milwaukee, WI                          Honorable Nancy Joseph, U.S. Magistrate Judge
                                                        *Printed name and title*

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

## Property to Be Searched

This warrant applies to a Timing Advance "True Call" area search for all records and unique device/user identifiers pertaining to Timing Advance location information during the following listed dates, times and geographical boundaries (*distance from the GPS points*):

**Location #1**

GPS Coordinates: 43.0601393, -87.948128        Radius: 0.35 Miles

Date: June 21, 2023        Time: 10:50 AM - 11:25 AM (CST)

**Location #2**

GPS Coordinates: 43.1480081, -87.957191        Radius: 0.35 Miles

Date: June 23, 2023        Time: 8:20 AM – 8:50 AM (CST)

**Location #3**

GPS Coordinates: 43.02218797, -87.9468506        Radius: 0.35 Miles

Date: June 23, 2023        Time: 8:55 AM – 9:25 AM (CST)

**Location #4**

GPS Coordinates: 43.067209, -88.006865        Radius: 0.35 Miles

Date: June 29, 2023        Time: 9:15 PM – 9:50 PM (CST)

# ATTACHMENT B

## Items and Information to be seized and searched

All information that constitutes evidence of violations of 18 U.S.C. §§ 1951(a) and 924(c) committed between June 21, 2023, to June 29, 2023, including location information and identifying information as specified below.

1. T-Mobile/US Cellular shall provide responsive data for each search area described in Attachment A, and are required to disclose to the United States all records and other information (not including the contents of communications) about all communications made and all cellular device interactions with the network that have generated location information that falls within the defined search area during the corresponding timeframe(s) listed in Attachment A, including records that identify:

    a. The unique identifiers for each wireless device that generated a Timing Advance "true call" record within the search area for each location, including International Mobile Subscriber Identifiers ("IMSI", International Mobile Equipment ("IMEI"), and the make and model of the device

    b. The starting and ending date/time of the connection along with the duration;

    c. For each communication with the network, the tower and the sector(s) (i.e. the face(s) of the tower(s)) that received a radio signal from the locally served wireless device for both starting and ending points of the communication;

    d. The service type for the communication; and;

    e. The estimated latitude and longitude (along with confidence level) and the distance from the tower for both the starting and ending points of the communication contained within the Timing Advance "True Call" records.

2. These records should include records about communications and cellular device interactions with the network that were initiated before or terminated after the

timeframe(s) identified in Attachment A if some part of the communication occurred during the relevant timeframe(s) listed in Attachment A.

3. It is anticipated that identifying information will be requested for devices whose characteristics meet any of the following criteria:

    a. Devices whose cellular network records; including distance from the tower and/or network derived latitude and longitude; are consistent with the facts of the investigation and would not solely reflect a device passing through.

4. However, it is noted that no subscriber information outside the initial search criteria is authorized by this warrant and additional legal process will be submitted.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
records and information associated with certain cellular towers ("cell towers") and ) Case No. 23-945M(NJ)
records generated by the cellular network that are in the possession, custody, and/or )
control of T-Mobile/US Cellular, a cellular service provider headquartered at 4 Sylvan )
Way, Parsippany, New Jersey, and US Cellular, a cellular service provider headquartered )
at 8410 W. Bryn Mawr Ave, Chicago, IL.

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the _____Eastern_____ District of _____Wisconsin_____, there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1951(a) | Hobbs Act Robbery |
| 18 U.S.C. § 924(c) | Brandishing a Firearm during Crimes of Violence |

The application is based on these facts:
Please see attached Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Caleb Porter*
Digitally signed by Caleb Porter
Date: 2023.07.05 13:08:12 -05'00'

*Applicant's signature*

Caleb Porter, Task Force Officer, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____TELEPHONE_____ *(specify reliable electronic means)*.

Date: 7/6/2023

*Judge's signature*

City and state: Milwaukee, WI                Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT FOR SEARCH WARRANT

I, Caleb Porter, being first duly sworn on oath, on information and belief state:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for records and information associated with certain cellular towers ("cell towers") and records generated by the cellular network that are in the possession, custody, and/or control of T-Mobile/US Cellular, a cellular service provider headquartered at 4 Sylvan way, Parsippany, New Jersey, and US Cellular, a cellular service provider headquartered at 8410 W. Bryn Mawr Ave, Chicago, IL. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under Title 18 U.S.C. §2703(c)(1)(A) to require T-Mobile/US cellular to disclose to the government copies of the information further described in Attachment B.

2. I am a Task Force Officer with the Federal Bureau of Investigation (FBI) and have been since October of 2021. I have also been a law enforcement officer for the West Allis Police Department in West Allis, WI for over 19 years. I am assigned to the FBI's Milwaukee Area Violent Crimes Task Force, a multi-jurisdictional law enforcement entity charged with investigating violations of federal law, including bank robberies, commercial robberies, armed motor vehicle robberies, and other violent crime matters, as defined under Title 18 of the United States Code, I have been trained in a variety of investigative and legal matters, including the topics of Fourth Amendment searches, the drafting of search warrant affidavits, and probable cause. I have participated in criminal investigations, surveillance, search warrants, interviews, and debriefs of arrested subjects. As a result of this training and investigative experience, I have learned how and why violent actors typically conduct various aspects of their criminal activities.

1

3. This affidavit is based on my training, experience, personal knowledge, and observations in this investigation; upon my discussions with other law enforcement officers and agents involved in this investigation; and, upon my review of official reports submitted in relation to this investigation.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Sections 1951(a) (Hobbs Act robbery) and 924(c) (use of a firearm during crimes of violence) have been committed by unknown individuals in the State and Eastern District of Wisconsin in June 2023. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

**PROBABLE CAUSE**

6. The FBI's Milwaukee Area Violent Crimes Task Force ("MAVCTF") is investigating four (4) Walgreens pharmacy robberies that occurred between June 21, 2023, and June 29, 2023, in the State and Eastern District of Wisconsin.

7. On June 21, 2023, at about 11:14 a.m., a masked suspect robbed the Walgreens pharmacy, located at 2727 W North Avenue, in the City of Milwaukee, which is located in the Eastern District of Wisconsin. The robbery affected interstate and foreign commerce. Your affiant reviewed Milwaukee Police Department ("MPD") report incident no. 23-172-0105 and learned

2

that shortly before the robbery the suspect exited the front passenger seat of a gray/silver Chevy Malibu with no license plates displayed.

8. The suspect was described as a black male around 6'00" tall with a slim build wearing a white jean vest over a white t-shirt, white jean shorts, red shoes, a gray "Pooh Shiesty" mask and gold rimmed sunglasses. Affiant is aware through training and experience that a "Pooh Shiesty" mask is a ski-mask type garment that covers the head, lower portion of a person's nose and the mouth similar to a ski mask.

9. The suspect walked directly to the pharmacy and produced a handgun and bag before demanding oxycodone. The suspect obtained two bottles of oxycodone and another bottle of an unknown medication and fled the store. The suspect vehicle was last seen east on West North Avenue and never located.

10. On June 23, 2023, at about 8:44 am, the Walgreens at 7171 North Teutonia Ave in Milwaukee was robbed at gunpoint. This business is located in the Eastern District of Wisconsin. The robbery affected interstate and foreign commerce.

11. Affiant reviewed MPD report no. 23-174-0044 and learned a masked suspect entered the store and approached the pharmacy counter. The suspect was described as a black male, approximately 5'08" tall, 150 lbs wearing a purple sweatshirt, gray "ski mask" and armed with a black handgun. The suspect produced a black plastic bag with his left hand and a black handgun with his right hand before demanding "oxy".

12. The suspect was provided with a test bottle of oxycodone, which reportedly only had four pills inside. The suspect then fled the store and was not located.

13. On June 23, 2023, at about 9:10 a.m., another Walgreens pharmacy was robbed. This business was located at 2625 West National Ave, in Milwaukee. This is in the Eastern District of Wisconsin.

14. I reviewed MPD report incident no. 23-174-0050 and found that the suspect was described as a black male with dark complexion, between 20-30 years old, 6'00"-6'03" tall, slim build, wearing a gray "ski mask", purple hoodie with red/burgundy paint splatter, black jeans and white shoes. Based upon a comparison of the still images from the robberies on June 23, 2023, I believe that the suspect to the same person in both robberies, based upon the similar clothing and other physical characteristics. In addition, the modus operandi of the robberies was similar.

15. When the suspect entered Walgreens, he walked directly to the pharmacy counter. The suspect produced a black plastic bag with his left hand and a black handgun with his right hand before demanding oxycodone. The suspect told the pharmacy technician that she had ten seconds to put the drugs in the bag. The pharmacist placed the pills in the bag and the suspect fled the scene.

16. Affiant reviewed still images from all three aforementioned Walgreens robberies. Based on these images and the similarities between all incidents, your affiant believes they were perpetrated by the same suspect.

17. On July 3, 2023, Detective Martin Keck, of the Wauwatosa Police Department and fellow MAVCTF member, advised your affiant of another Walgreens pharmacy robbery that occurred in Wauwatosa on June 29, 2023. This Walgreens is located at 2656 North Wauwatosa Avenue, in Wauwatosa, which is located in the Eastern District of Wisconsin.

18. On June 29, 2023, at approximately 9:35 p.m., two suspects entered the store through the main entrance and proceeded to the pharmacy area. During the incident, both suspects

4

jumped over the pharmacy counter. One of the suspects told the pharmacist, "I only want the Oxys." The suspects obtained hundreds of units of Oxycodone from the pharmacy. The suspects fled out the main entrance/exit door of Walgreens at 9:37 p.m.

19. Detective Keck reviewed video footage of the robbery and determined that one of the suspects was wearing a purple sweatshirt that appeared consisted with the sweatshirt worn by the suspect from the two Walgreens robberies on June 23, 2023.

20. Based on my training and experience, it is common for cell phones to be used in robbery incidents, often between co-actors or to otherwise assist in the facilitation of the crime(s). In this instance, there are multiple different locations separated by sufficient time and distance that can be associated with the suspects in the above-described incidents. If a common phone number can be developed between multiple incidents, this could lead to the identification of one or more of the suspects.

21. Based on my training and experience, individuals carry their cellular phones on their person or in a very close vicinity whether it is day or night. Further, most individuals have their own cellular phones, so it is likely the subject(s) cellular phone is using and/or registering with the cellular tower providing service in the general geographic area of the crime.

22. In my training and experience, I have learned that T-Mobile and US Cellular are companies that provides cellular communications service to the general public. In order to provide this service, many cellular service providers maintain antenna towers ("cell towers") that serve and provide cellular service to specific geographic areas. Each cell tower receives signals from wireless devices, such as cellular phones, in its general vicinity. By communicating with a cell tower, a wireless device can transmit and receive communications, such as phone calls, text messages, and other data. When sending or receiving communications, a cellular device does not always utilize

5

the cell tower that is closest to it. Additionally, cellular service providers such as T-Mobile and US Cellular also capture historical location data that is generated and derived from a cellular device's interaction with the cellular network. This information may include but not be limited to a cellular device's estimate distance from a particular cell tower and T-Mobile and US Cellular's network derived location of the device in latitude and longitude.

23. Based on my training and experience, I also know that each cellular device is identified by one or more unique identifiers. For example, with respect to a cellular phone, the phone will be assigned both a unique telephone number but also one or more other identifiers such as an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The types of identifiers assigned to a given cellular device are dependent on the device and the cellular network on which it operates.

24. Based on my training and experience, I know that cellular providers, such as T-Mobile and US Cellular routinely and in their regular course of business maintain historical cell-tower log information, including records identifying wireless communications that were transmitted through a particular cell tower. For each communication, these records may include the telephone call number and unique identifiers for the wireless device that sent or received the communication ("the locally served wireless device"); the source and destination telephone numbers associated with the communication (including the number of the telephone that called or was called by the locally served wireless device); the date, time, and duration of the communication; the cell tower(s) that handled the communication as well as the "sectors" (i.e. the

6

faces of the towers) that received a radio signal from the locally served wireless device; and the type of communication transmitted (such as phone call or text message).

25. Furthermore, cellular providers such as T-Mobile and US Cellular in their regular course of business maintain certain types of location data associated with a cellular device based on that cellular device's interaction with the cellular network. For these interactions with the cellular network these records may include unique identifiers for the wireless device that interacted with the network ("the locally served wireless device'); the date, time and duration of the interaction with the network; the cell tower and sector (i.e. face of the tower) that was involved; the estimated distance from the tower and sector that the cellular device was located; and the estimated latitude and longitude of the cellular device. The aforementioned location information is often contained within Timing Advance data, also known as True Call, that is captured and controlled by T-Mobile and US Cellular.

26. Based on my training and experience and the above facts, information obtained from cellular service providers such as T-Mobile and US Cellular reveal cell towers (and, where applicable, sector) that were used and the estimated location information (the estimated distance from the tower and sector and estimated latitude and longitude) of a given cellular device to engaged in a particular communication or interaction with the cellular network can be used to show that the device was in the general vicinity of the cell tower or an estimated location at the time the communication or network interaction occurred. Thus, the records described in Attachment A will identify the cellular devices that were in the vicinity of the robberies described in this affidavit.

7

## AUTHORIZATION REQUEST

27. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to title 18 U.S.C. §2703(c) and Federal Rule of Criminal Procedure 41.

28. I further request that the Court direct T-Mobile/US Cellular to disclose to the government any information described in Attachment B that is within its possession, custody, or control. Because the warrant will be served pm T-Mobile/US Cellular, who will then compile the requested records at a time convenient to it, reasonable cause to permit the execution of the requested warrant at any time in the day or night.

29. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

8

# ATTACHMENT A

## Property to Be Searched

This warrant applies to a Timing Advance "True Call" area search for all records and unique device/user identifiers pertaining to Timing Advance location information during the following listed dates, times and geographical boundaries (*distance from the GPS points*):

### Location #1

GPS Coordinates: 43.0601393, -87.948128    Radius: 0.35 Miles

Date: June 21, 2023    Time: 10:50 AM - 11:25 AM (CST)

### Location #2

GPS Coordinates: 43.1480081, -87.957191    Radius: 0.35 Miles

Date: June 23, 2023    Time: 8:20 AM – 8:50 AM (CST)

### Location #3

GPS Coordinates: 43.02218797, -87.9468506    Radius: 0.35 Miles

Date: June 23, 2023    Time: 8:55 AM – 9:25 AM (CST)

### Location #4

GPS Coordinates: 43.067209, -88.006865    Radius: 0.35 Miles

Date: June 29, 2023    Time: 9:15 PM – 9:50 PM (CST)

# ATTACHMENT B

## Items and Information to be seized and searched

All information that constitutes evidence of violations of 18 U.S.C. §§ 1951(a) and 924(c) committed between June 21, 2023, to June 29, 2023, including location information and identifying information as specified below.

1. T-Mobile/US Cellular shall provide responsive data for each search area described in Attachment A, and are required to disclose to the United States all records and other information (not including the contents of communications) about all communications made and all cellular device interactions with the network that have generated location information that falls within the defined search area during the corresponding timeframe(s) listed in Attachment A, including records that identify:

    a. The unique identifiers for each wireless device that generated a Timing Advance "true call" record within the search area for each location, including International Mobile Subscriber Identifiers ("IMSI", International Mobile Equipment ("IMEI"), and the make and model of the device

    b. The starting and ending date/time of the connection along with the duration;

    c. For each communication with the network, the tower and the sector(s) (i.e. the face(s) of the tower(s)) that received a radio signal from the locally served wireless device for both starting and ending points of the communication;

    d. The service type for the communication; and;

    e. The estimated latitude and longitude (along with confidence level) and the distance from the tower for both the starting and ending points of the communication contained within the Timing Advance "True Call" records.

2. These records should include records about communications and cellular device interactions with the network that were initiated before or terminated after the

10

timeframe(s) identified in Attachment A if some part of the communication occurred during the relevant timeframe(s) listed in Attachment A.

3. It is anticipated that identifying information will be requested for devices whose characteristics meet any of the following criteria:

    a. Devices whose cellular network records; including distance from the tower and/or network derived latitude and longitude; are consistent with the facts of the investigation and would not solely reflect a device passing through.

4. However, it is noted that no subscriber information outside the initial search criteria is authorized by this warrant and additional legal process will be submitted.